UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| RICHARD J. KIMBALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:15-cv-00526-JAW |
| ) | |
| ) | |
| STATE OF MAINE, ) | |
| ) | |
| Respondent ) | |

**RECOMMENDED DECISION ON MOTION FOR STAY OF EXECUTION**

In this proceeding, Petitioner Richard Kimball seeks relief pursuant to 28 U.S.C. § 2254. In support of his request for relief, Petitioner alleges that his state court conviction for domestic violence should be vacated because, in violation of the Confrontation Clause of the United States Constitution, the conviction was based upon statements made by the victim to the 9-1-1 dispatcher and to the responding emergency medical technician, without providing Petitioner the opportunity to cross-examine the victim. (Petition, ECF No. 1.)

The matter is before the Court on Petitioner's Motion for Stay of Execution. (ECF No. 3.) After consideration of the parties' arguments, I recommend that the Court deny the motion.

**Background**

On May 28, 2014, in Maine Superior Court, a jury convicted Petitioner of Class D domestic violence assault. On June 2, the Superior Court imposed a nine-month prison sentence, with all but 44 days suspended, to be followed by a two-year period of probation. The Superior Court stayed execution of the sentence pending Petitioner's direct appeal.

On May 19, 2015, the Maine Supreme Judicial Court rejected Petitioner's confrontation clause argument, and affirmed the judgment of conviction. Petitioner did not pursue a further

appeal to the United States Supreme Court, nor did Petitioner seek post-conviction review in state court.

According to the petition, Petitioner's sentence commenced sometime after August 18, 2015. (Petition ¶ 5.) Petitioner has served his 44-day jail sentence, but is presently subject to probation. (Brief in Support at 6, ECF No. 1-1.)

## Discussion

As a probationer, Petitioner is "in custody" for purposes of federal habeas corpus. *Cronin v. Comm'r of Prob.*, 783 F.3d 47, 50 (1st Cir. 2015).

> A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding.

28 U.S.C. § 2251(a)(1). "Section 2251 does not mandate the entry of a stay, but dedicates the exercise of stay jurisdiction to the sound discretion of a federal court." *McFarland v. Scott*, 512 U.S. 849, 858 (1994) (capital case). "[P]rinciples of comity and federalism counsel that this power be exercised sparingly"; "federal courts should tread lightly before interfering with the state's substantial interest in executing its judgment." *Rado v. Meachum*, 699 F. Supp. 25, 26 (D. Conn. 1988).

When considering a request for a stay, a court will generally consider (1) whether substantial claims are stated; (2) whether the petitioner has demonstrated he is likely to succeed on his petition; and (3) whether there exist extraordinary circumstances such that denying a stay would make the writ of habeas corpus ineffective. *Id.* at 27; *see also Gorak v. Tatum*, No. 14-cv-01411, 2015 WL 1167610, at *2 (E.D. Wis. Mar. 13, 2015) (collecting cases); *Lydon v. Justices of Boston Mun. Court*, 698 F.2d 1, 6 (1st Cir. 1982), *rev'd on other grounds,* 466 U.S. 294 (1984)

(indicating that courts should not grant a § 2251 stay absent a strong showing of likely success on the merits).

Here, Petitioner argues that "just cause" exists for the requested relief. (Petitioner's Motion at 2, ECF No. 3.) In his motion for stay, Petitioner has not cited any record evidence, nor any persuasive legal authority to establish a strong likelihood of success on the merits. In addition, Petitioner has not identified any circumstances that could reasonably be construed as extraordinary or different in any meaningful way from any other habeas action. In short, Petitioner has failed to present evidence or legal argument sufficient to justify interference with the state's substantial interest in the enforcement of the state court judgment.

## Conclusion

Based on the foregoing analysis, I recommend that the Court deny Petitioner's Motion for Stay of Execution. (ECF No. 3.)

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of January, 2016.